COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton

EMMITT SMITH

                                     MEMORANDUM OPINION[*] BY
v.          Record No. 0042-97-1      JUDGE NELSON T. OVERTON
                                        FEBRUARY 10, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Randolph T. West, Judge

            (J. Ashton Wray, Jr., on brief), for
            appellant.

            (Richard Cullen, Attorney General;
            H. Elizabeth Shaffer, Assistant Attorney
            General, on brief), for appellee.[1]


     Emmitt Smith (defendant) was tried without a jury on the

charge of possession of cocaine.  He was found guilty and

sentenced to serve five years in prison.  Defendant appeals his

conviction claiming that police seized evidence from his home in

derogation of the Fourth Amendment to the United States

Constitution and, therefore, the exclusionary rule operates to

suppress it.  Because defendant's argument is without support in

the law, we affirm his conviction.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, we recite only those facts necessary to

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Both appellant and appellee waived oral argument.  We have
decided the case on the briefs and the record.

disposition of the appeal.

Defendant claims that the cocaine, marijuana, handgun and ammunition seized from his home should have been suppressed at trial. He argues that the initial entry by police to secure the premises violated his protection against "unreasonable searches and seizures." U.S. Const. amend. IV. This argument ignores the holding of Segura v. United States, 468 U.S. 796 (1984), addressing this very issue. As the Court said in Segura,

> [t]he only issue here is whether drugs and the other items not observed during the initial entry and first discovered by the agents . . . under an admittedly valid search warrant, should have been suppressed.

Id. at 801. Faced with the same narrow issue, we are bound by stare decisis to apply the same principle.

> [W]here officers, having probable cause, enter premises, and with probable cause, arrest the occupants who have legitimate possessory interests in its contents and take them into custody and, for no more than the period here involved [19 hours], secure the premises from within to preserve the status quo while others, in good faith, are in the process of obtaining a warrant, they do not violate the Fourth Amendment's proscription against unreasonable seizures.

Id. at 798.

The case before us provides no reason to deviate from this conclusion. The police officers had been given information from an informant that defendant was traveling to a gas station in order to sell drugs. Police found defendant at the gas station carrying a bag of marijuana after having immediately thrown

several bags of a white powdery substance out of his car window. They then immediately went with defendant to his house in order to secure additional evidence. After waiting less than two hours, another officer arrived with a valid warrant. The police officers did not seize any evidence prior to the arrival of the search warrant. Therefore, the evidence was "'sufficiently distinguishable to be purged of the primary taint'" of the initial warrantless entry. Id. at 804-05 (quoting Wong Sun v. United States, 371 U.S. 471, 488 (1963)).

The rule enunciated in Segura has been faithfully applied in Virginia on many occasions. See, e.g., Deer v. Commonwealth, 17 Va. App. 730, 441 S.E.2d 33 (1994); Commonwealth v. Ealy, 12 Va. App. 744, 407 S.E.2d 681 (1991); Derr v. Commonwealth, 6 Va. App. 215, 368 S.E.2d 916 (1988). We apply it now to hold that the evidence seized from defendant's residence was admissible against him. Accordingly, we affirm the conviction.

Affirmed.